IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2016

**JOHN A. JONES, III v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Bradley County
No. 15-CR-230    Sandra N. C. Donaghy, Judge**

---

**No. E2015-01491-CCA-R3-PC – Filed June 3, 2016**

---

The Petitioner, John A. Jones, III, appeals the Bradley County Criminal Court's summary dismissal of his petition for post-conviction relief for the petition's being filed outside the one-year statute of limitations. Based upon the record and the parties' briefs, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

John A. Jones, III, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and Stephen Davis Crump, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On April 15, 2013, the Petitioner pled guilty to possession of one-half gram or more of cocaine with intent to sell, a Class B felony, and received a ten-year sentence to be served on supervised probation. The judgment of conviction was entered that same day. On August 22, 2014, the Petitioner's probation was revoked, and he was ordered to serve his original sentence in confinement.

On June 9, 2015, the Petitioner filed a pro se petition for post-conviction relief, raising various claims of ineffective assistance of trial counsel, including that counsel failed to respond to his letters or confer with him, failed to challenge the prosecutor's not bringing him before a magistrate within forty-eight hours, failed to challenge his warrantless arrest, and failed to challenge his warrantless body cavity search. In an answer to the petition, the State requested that the post-conviction court dismiss the petition for being filed outside the one-year statute of limitations. On June 24, 2015, the post-conviction court found the petition to be time-barred and dismissed it without an evidentiary hearing.

## II. Analysis

On appeal, the Petitioner claims that the post-conviction court erred by summarily dismissing his petition. For the first time, he contends that the statute of limitations should be tolled because trial counsel led him to believe that counsel would file a motion to dismiss his guilty plea but never did so. The State argues that the post-conviction court properly dismissed the petition. We agree with the State.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless: (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) the claim in the petition "seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]" The statute of limitations may also be tolled in cases where its strict application would deny the petitioner "'a

reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)).

The record reflects that the Petitioner pled guilty and was sentenced on April 15, 2013. Therefore, he was required to file his petition for post-conviction relief within one year of May 15, 2014, the date his judgment became final. See Tenn. Code Ann. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). He did not file his petition until June 9, 2015, more than one year after the statute of limitations expired.

The Petitioner now claims that due process requires tolling the statute of limitations because trial counsel led him to believe that counsel would file a motion to withdraw his guilty plea. However, the Petitioner did not raise that claim in his petition for post-conviction relief. Accordingly, the claim has been waived because the Petitioner failed to present it to the post-conviction court. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) (stating that "[o]rdinarily, issues raised for the first time on appeal are waived"); see also State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) (stating that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period" and that the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal"); Konstantinos Diotis v. State, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. at Jackson, Nov. 17, 2011) (concluding that petitioner waived claim of due process tolling when he raised it for the first time on appeal).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the post-conviction court's dismissal of the petition.

_____
NORMA MCGEE OGLE, JUDGE